STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

**FILED**

**February 16, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **W.W.-1, N.W., and E.P.**

**No. 15-1012** (Taylor County 15-JA-1, 15-JA-2, & 15-JA-3)

## MEMORANDUM DECISION

Petitioner Mother A.W., by counsel Justina D. Helmick, appeals the Circuit Court of Taylor County's September 14, 2015, order terminating her parental rights to E.P. and her custodial rights to W.W.-1 and N.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order. The guardian ad litem, Mary Susan Nelson, filed a response on behalf of the children also in support of the circuit court's order. On appeal, petitioner alleges that the circuit court erred in denying her motions for a post-adjudicatory and a post-dispositional improvement period, denying her request to present witnesses at disposition, and in terminating her parental and custodial rights instead of imposing a less-restrictive dispositional alternative.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In January of 2015, the DHHR filed an abuse and neglect petition regarding petitioner's biological child, E.P., and her husband's children, W.W.-1 and N.W. At the time the DHHR filed the petition, all the children lived with petitioner and her husband, W.W.-2. The petition alleged chronic and severe domestic violence between petitioner and her husband in the children's presence. According to the petition, these acts frequently included guns or knives and thrown objects, thereby jeopardizing the children's physical safety. Further, the children were subjected to verbal abuse and were sometimes made to watch the violence directly so they could be used as witnesses on the father's behalf if law enforcement became involved. The petition specifically alleged that on October 12, 2014, petitioner and W.W.-2 were each charged with domestic

---

[1]Because one of the children and the father share the same initials, they shall be referred to as W.W-1 and W.W.-2, respectively, throughout this memorandum decision.

[2]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

battery against one another after an episode of violence in the home. The petition also alleged that in January of 2015, the parents engaged in a two-day episode of violence during which the children witnessed W.W.-2 hand petitioner a loaded firearm and instruct her to put it in her mouth and kill herself. When petitioner failed to comply, W.W.-2 pointed the loaded firearm at her. The petition further alleged that during this episode, petitioner attempted to hit W.W.-2 with a battery but struck one of the children instead.

The circuit court held a preliminary hearing in January of 2015 and removed the children from petitioner's home. On April 15, 2015, the circuit court held an adjudicatory hearing, during which petitioner stipulated to certain allegations in the petition and moved for a post-adjudicatory improvement period. The motion was taken under advisement and the circuit court scheduled an in camera hearing to take testimony from the two oldest children. Several days later, the circuit court held the in camera hearing, during which both W.W.-1 and N.W. testified that they felt unsafe and frightened on a regular basis in the home. They testified that petitioner frequently became intoxicated and would hit them with a belt. The children also testified that petitioner would drive with them in the vehicle to get more alcohol after she was already intoxicated. According to the children, petitioner used E.P. as protection during physical fights. W.W.-1 also specifically recalled a situation where petitioner hit him in the mouth and caused bleeding. Further, the children testified that they have access to unlocked guns in the home, and that petitioner and W.W.-2 wielded guns and knives and threw objects at each other during arguments. Finally, both W.W.-2 and N.W. testified to separate instances in which petitioner pointed a firearm at each of them during instances of domestic violence in the home. According to W.W.-2, he watched the firearm being loaded shortly before petitioner pointed it at him.

In July of 2015, the circuit court held a dispositional hearing and denied petitioner's request for an improvement period. Ultimately, the circuit court terminated petitioner's parental rights to her biological child, E.P., and terminated her custodial rights to her husband's children, W.W.-1 and N.W. Petitioner appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the rulings below.

First, the Court finds no merit to petitioner's argument that the circuit court erred in denying her motions for a post-adjudicatory and a post-dispositional improvement period. In support, petitioner argues that she was entitled to an improvement period because she admitted to the allegations in the petition and because she participated in services below. The Court, however, does not agree. Pursuant to West Virginia Code §§ 49-4-610(2)(B) and 49-6-610(3)(B), a circuit court may only grant an improvement period when the parent "demonstrates, by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period . . . ." In denying petitioner's motion, the circuit court noted that petitioner "denied [and] minimized" her actions during the proceedings and was further "evasive, equivocal and not credible" because she was not "open and honest with the [c]ourt." After considering the children's in camera testimony, the circuit court found that it was "unlike any abuse the [c]ourt has seen in thirty-eight years," as it involved "weapons [being] used on a regular basis, drunken brawls [taking place] on an almost daily basis involving knives and guns," and that the children were involved in these altercations "to the point that [they] were threatened or injured." As to petitioner, the circuit court specifically found that she "has pointed guns at the minor children," including a loaded gun on at least one occasion. Ultimately, the circuit court found that petitioner believed someone else was responsible for the abuse inflicted on the children and that the petitioner "repeatedly injured the children emotionally and physically and the degree of family stress and the potential for further abuse and neglect is so great as to preclude the use of resources to mitigate or resolve" the problems. As such, it is clear petitioner could not satisfy the burden necessary to obtain an improvement period.

Further, we have held that

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W.Va. 44, 55, 743 S.E.2d 352, 363 (2013) (quoting *In re: Charity H.*, 215 W.Va. 208, 217, 599 S.E.2d 631, 640 (2004)). While it is true that petitioner stipulated to certain allegations in the petition at adjudication and participated in some services below, it is clear that she failed to fully acknowledge the existence of the problem by accepting the truth of the allegations against her. Specifically, petitioner was "dishonest regarding the extent of the domestic violence" and she further denied "that the minor children have been involved in the domestic violence or put in harm's way." Based upon this evidence, it is clear that petitioner failed to acknowledge her role in the abuse, the scope of the abuse, or its duration, among other issues. For these reasons, we find no error in the circuit court denying her motions for a post-adjudicatory and a post-dispositional improvement period.

Next, the Court finds no error in the circuit court denying petitioner's request to present witnesses on her behalf at disposition. In support of this argument, petitioner alleges that she was prepared to present evidence from service providers that "could attest to her level of insight and her ability to make changes." Further, petitioner claims that these witnesses' testimony "would have assisted the [c]ourt in making a determination as to whether an improvement period [was] warranted and whether . . . [p]etitioner was likely to participate in the same." The Court, however, does not agree. We have previously held that "'[a] trial court's evidentiary rulings, as well as its application of the Rules of Evidence, are subject to review under an abuse of discretion standard.' Syl. Pt. 4, *State v. Rodoussakis*, 204 W.Va. 58, 511 S.E.2d 469 (1998)." Syl. Pt. 2, *State v. Meadows*, 231 W.Va. 10, 743 S.E.2d 318 (2013). As set forth above, the record is clear that petitioner was not entitled to an improvement period because of her failure to fully acknowledge the underlying abuse and neglect. Moreover, the record is clear that petitioner was not entitled to services or an improvement period because the abuse constituted aggravated circumstances.

According to West Virginia Code § 49-4-604(b)(7)(A), "the [DHHR] is not required to make reasonable efforts to preserve the family if the court determines . . . [t]he parent has subjected the child . . . to aggravated circumstances which include . . . chronic abuse[.]" As noted above, the circuit court specifically found that petitioner subjected the children to abuse so chronic that her actions "preclude[d] the use of resources to mitigate or resolve" the underlying conditions of abuse or neglect. As such, it is clear that the circuit court did not err in denying petitioner's request to present witnesses in support of her ability to comply with an improvement period, as her own actions would have made "an improvement period an exercise in futility at the child[ren's] expense." *Timber M.*, 231 W.Va. at 55, 743 S.E.2d at 363.

Finally, the Court finds no error in the circuit court terminating petitioner's parental and custodial rights. Pursuant to West Virginia Code § 49-4-604(c)(3), there is no reasonable likelihood the conditions of abuse or neglect can be substantially corrected when "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child." Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence outlined above. Simply put, petitioner failed to acknowledge the extent of her abuse of the children and, as such, could not even attempt to correct these issues. Further, the circuit court found that termination of petitioner's parental and custodial rights was in the children's best interests. Pursuant to West Virginia Code § 49-4-604(b)(6), circuit courts are directed to terminate parental, custodial, and guardianship rights upon these findings.

Further, we have previously held that

> "[c]ourts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened, and this is particularly applicable to children under the age of three years who are more susceptible to illness, need consistent close interaction with fully committed adults, and are likely to have their emotional and

4

physical development retarded by numerous placements." Syl. Pt. 1, in part, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 4, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). As such, it was not error for the circuit court to terminate petitioner's parental and custodial rights instead of imposing a less-restrictive dispositional alternative. On appeal, petitioner alleges that the circuit court could have imposed a less-restrictive dispositional alternative by placing the children in a legal guardianship with relatives. This argument, however, ignores the children's own testimony that they were frightened of petitioner and did not feel safe living in her home. Further, the evidence shows that petitioner's own actions left the circuit court no choice other than to terminate her parental and custodial rights, based upon the findings outlined above. For these reasons, we find no error in the circuit court terminating petitioner's parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 14, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: February 16, 2016

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II